UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLAYTON MARCUS, JR,

    Petitioner,

v.                                                                 Case No. 4:19cv418-WS-HTC

MARK S. INCH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Clayton Marcus, Jr., proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 by delivering it to prison mail officials on August 26, 2019. ECF Doc. 1 at 15. On August 30, 2019, the Court ordered that the petition be served on the State. ECF Doc. 4. The matter is now before the Court on Defendant's motion to dismiss the petition as untimely. ECF Doc. 8. Petitioner was given an opportunity to file a response to the motion and has not done so. ECF Doc. 9. Thus, the motion is ripe for consideration and the matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review of the petition and the motion to dismiss, the undersigned recommends the motion to dismiss be GRANTED and the Petition be DISMISSED AS UNTIMELY without an evidentiary hearing.

## I. BACKGROUND

In 2009, Marcus was convicted of "Sexual Battery Child Under 12 Years of Age by a Defendant 18 Years of Age or Older" and sentenced to life imprisonment. ECF Doc. 8-1 and 8-2. He appealed the conviction, and the First DCA issued an opinion affirming the conviction on January 20, 2011. Marcus did not further appeal the First DCA's decision.

Marcus did not file a state postconviction motion until March 21, 2012. ECF Doc. 8-5. The state court initially denied the 3.850 motion on June 11, 2014, ECF Doc. 8-7, but the First DCA reversed and remanded. ECF Doc. 8-10. A final order denying the 3.850 motion was entered on May 5, 2014. ECF Doc. 8-11.

Marcus appealed, and the First DCA affirmed with a mandate issued on September 12, 2018. No state postconviction motion was pending between September 12, 2018 and August 26, 2019, when Marcus delivered the federal habeas petition to prison mail officials.[1] ECF Doc. 1 at 15.

## II. ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The

---

[1] *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).
Case No. 4:19cv418-WS-HTC

period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (unless one of the later dates enumerated in the statute applies – which they do not here). *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" postconviction motion is pending in state court. *Id.* § 2244(d)(2).

### A. Marcus's Petition Was Untimely Filed

As stated above, the First DCA affirmed Marcus's judgment of conviction on January 20, 2011. Marcus's judgment of conviction, therefore, became ninety (90) days later, on April 20, 2011. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Thus, the one-year time period under § 2244(d)(1) began running on April 20, 2011 and ran until March 21, 2012 (for a period of 335 days), when he filed a state postconviction motion.

While Marcus's 3.850 motion was pending in state court the one-year time period was tolled and remained tolled until the First DCA issued its mandate on September 12, 2018, affirming the denial of his 3.850 motion. *See King v. Sec'y, Fla. Dept. of Corr.*, 2017 WL 6760186, *1 (11th Cir. Jan. 5, 2017) (holding federal one-year period is tolled upon properly filed postconviction motion and remains tolled until the appellate court issues its mandate). The one-year time period began running the next day, on September 13, 2018.

Marcus did not file the federal petition until August 26, 2019, which is 347 days later. Thus, at the very least, 682 days of un-tolled days (335 days plus 347 days) passed from the date on which the conviction became final until the filing of the instant federal petition. Because Marcus did not file his petition within one year of his judgment becoming final (excluding tolled time), his petition is untimely. *See* 28 U.S.C. §§ 2244(d)(1)(A) and 2244(d)(2).

### B. Marcus Is Not Entitled to Equitable Tolling of the AEDPA Limitation Period

The one-year limitation period may be equitably tolled, but "only if a petitioner establishes both extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Petitioner states the following in his petition at Section 18 entitled "Timeliness of Petition":

> The one-year statute of limitations does not bar this petition because the Petitioner through [counsel] has timely proceeded through all steps of pleading and filings from direct appeal to the issue of the mandate from highest state appellate court.

ECF Doc. 1 at 13-14. To the extent Marcus's statement here can be construed to argue equitable tolling, such argument is without merit.

As the State points out, based on the petition's filing date, Petitioner seems to believe that he had one year from the date of the mandate affirming the denial of his state 3.850 motion in which to file his habeas petition. However, the two-year period allowed for filing a Florida post-conviction motion does not expand the AEDPA's

Case No. 4:19cv418-WS-HTC

one-year statute of limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1334–35 (11th Cir. 2001). The federal petitioner must file his state postconviction petition in a manner that leaves him sufficient time to timely file his federal petition. *Id*. Moreover, miscalculation of the due date for the habeas petition is not sufficient cause to overlook the untimely filing of the petition. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

Marcus appears to argue that the untimeliness of the petition should be excused since he had counsel's assistance through the state appeal and collateral proceedings and any error should be attributed to ineffective assistance of counsel. ECF Doc. 1 at 13-14. However, he was not represented by counsel after the denial of the state 3.850 motion and in the filing of his federal petition, and federal law provides that "[s]tates have no obligation to provide [postconviction] relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (citation omitted).

As with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F. 3d 1273, 1282 n. 4 (11th Cir. 2007). Marcus has therefore not met his burden of showing specific facts or evidence to support a claim of due diligence. *See Brown v. Barrow*, 512 F.3d 1304,

Case No. 4:19cv418-WS-HTC

1307 (11th Cir. 2008) ("equitable tolling is an extraordinary remedy which is typically applied sparingly").

### C.  An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because Marcus's petition is time-barred, an evidentiary hearing is not warranted.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is

also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### III. CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to dismiss, ECF Doc. 8, be GRANTED.

2. That this case be DISMISSED WITH PREJUDICE as untimely filed under 28 U.S.C. § 2244.

3. That a Certificate of Appealability be DENIED.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of January, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:19cv418-WS-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.